440 So.2d 484 (1983)
The TRIBUNE COMPANY and Richard Bockman, Petitioners,
v.
The Honorable Oliver L. GREEN, Jr., the State of Florida and Richard E. Leon, Respondents.
No. 83-2109.
District Court of Appeal of Florida, Second District.
November 4, 1983.
Gregg D. Thomas, Steven L. Brannock, and Mike Piscitelli of Holland & Knight, Tampa, for petitioners.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for respondents Honorable Oliver L. Green, Jr., and State.
Patricia F. Anderson of Rahdert, Anderson & Richardson, St. Petersburg, amicus curiae Times Pub. Co.
BOARDMAN, Acting Chief Judge.
The Tribune Company and Richard Bockman filed this petition for issuance of a writ of certiorari to review an order requiring Richard Bockman, a newspaper reporter, to testify as a witness for the state in a pending criminal trial concerning conversations he had with respondent Richard E. Leon, who is the defendant in that criminal case. We grant the petition and issue the writ and therefore quash the order compelling Bockman to testify.
Bockman authored a series of investigative articles about the alleged improper conduct of Hillsborough County Circuit Judge Richard Leon and former Chief Circuit Judge Arden Merckle. The articles recounted a number of conversations between Bockman and the judges regarding the sentencing of Alisa Avery, a criminal defendant in Judge Merckle's court.
Bockman's reports culminated in a formal proceeding in which the Judicial Qualifications Commission (JQC) charged both Judge Leon and Judge Merckle with conduct demonstrating "unfitness to hold office." On July 7, 1983, Bockman was subpoenaed by the JQC to appear as a witness and testify before the commission at a hearing concerning Judge Leon.
On the basis of the privilege of the first amendment to the Constitution of the United States, Bockman moved to quash the subpoena and was ultimately released from testifying. The JQC inquiry resulted in a *485 recommendation to the Florida Supreme Court that Judge Leon be removed from the circuit court bench.
On July 13, 1983, a Hillsborough County Grand Jury indicted Judge Leon on two counts of perjury and one count each of bribery, official misconduct, and acceptance of unlawful compensation. As a result of the indictment, the state and Judge Leon subpoenaed Bockman seeking his testimony concerning the Avery case. Bockman immediately moved to quash the subpoena, and his deposition scheduled for September 23, 1983, was postponed until the trial court ruled on the motion.
The hearing on the motion was held on October 3, 1983. The trial judge, apparently relying on the fact that Bockman initiated the conversations with Judge Leon, ordered Bockman to testify when deposed concerning his conversations with Judge Leon. The judge announced that if the examination exceeded the scope of the conversations between Judge Leon and Bockman, the judge would then allow Bockman to assert a privilege, and he would rule accordingly if the need arose. As previously noted, this emergency petition for writ of certiorari was filed as a result of the trial court's order.
Judge Leon was charged in the indictment summarized as follows:
Count 1 charged that Judge Leon violated section 837.02(1), Florida Statutes, when he stated under oath before the JQC that he did not attempt to influence Judge Merckle in his sentencing functions, whereas in truth and fact he did attempt to influence Judge Merckle.
Count 2 charged that Judge Leon violated section 837.02(1), Florida Statutes, when he stated under oath before the JQC that the reason he went to see Judge Merckle concerning the Avery case was because he saw her being fingerprinted and he was curious as to what sentence she had received, whereas in truth and fact Alisa Avery's father, Arthur B. Avery, Sr., told Judge Leon that she had received a prison sentence.
Count 3 charged that Judge Leon violated section 839.25, Florida Statutes, when he caused Judge Merckle to refrain from imposing sentence on Alisa Avery without undue influence and with intent to obtain a financial advantage for himself.
Count 4 charged that Judge Leon violated section 838.015(1), Florida Statutes, by accepting gambling chips representing a monetary value, and/or buying a motor vehicle at a price less than actual value, and/or being relieved of financial obligations, with intent or purpose to influence the sentencing of Alisa Avery which Judge Leon believed to be, or was within the official discretion of Judge Merckle in the performance of a public duty.
Count 5 charged that Judge Leon violated section 838.016(2), Florida Statutes, by accepting gambling chips representing a monetary value, and/or buying a motor vehicle at a price less than actual value, and/or being relieved of financial obligations for past, present, or future exertion of influence upon Judge Merckle regarding the sentencing of Alisa Avery which Judge Leon believed to be within the official discretion of Judge Merckle in the performance of a public duty.
Petitioners contend the reporter is privileged from testifying as the respondents have not satisfied their burden of demonstrating that (1) Bockman possesses information relevant to the charges set forth in the indictment, (2) that the same information is not available from alternative sources, and (3) that they have a compelling need for any information the reporter may have. Gadsden County Times, Inc. v. Horne, 426 So.2d 1234 (Fla. 1st DCA 1983), and cases cited therein. More specifically, petitioners contend the trial court improperly focused solely on the alternative sources element of the three-part test.
Respondent, State of Florida, on the other hand, questions the applicability of the Gadsden test as that case involved a disclosure of confidential sources in a civil proceeding, two factors not present in the case sub judice. Nevertheless, respondent contends the lower court's order complies with *486 the Gadsden standard. In addition, respondents submit that Bockman should be compelled to testify because the subject matter of the conversations that he had with the defendant was published in the "Tampa Tribune," a newspaper of general circulation in Hillsborough County, and is therefore a matter of public record and general knowledge.
Our research of the applicable case law as well as a reading of the cases submitted to us by the parties in support of their respective position show that the trend in cases like the one before us is to apply the three-part test enunciated in Gadsden.[1] There is abundant case law that this test is applicable to criminal as well as civil cases and to confidential and nonconfidential sources of information.
As to the first test under Gadsden, a reading of the charges alleged in the indictment clearly shows that each charge is based on allegations that do not involve Bockman in any manner. The evidence sought by the state that Judge Leon denied to Bockman that he met with Judge Merckle regarding the Avery sentencing is not relevant to the proof of the charges in the indictment.
In counts 1 and 2 of the indictment, Judge Leon is charged with making false statements under oath during testimony before the JQC, a violation of section 837.02(1). Judge Leon initially testified that he did not attempt to influence Judge Merckle in the Avery sentencing and that the reason he went to see Judge Merckle concerning the Avery case was because he saw Alisa Avery being fingerprinted and he became curious as to what sentence she had received. The perjury charges filed against Judge Leon are directed to his recanting those statements while he was testifying under oath before the JQC.
Pursuant to the statute, the state is only required to prove that Judge Leon lied before the JQC. Therefore, the denials made by Judge Leon to Bockman, or to anyone else other than the JQC, are irrelevant to the proof of the perjury counts. Additionally, the denials to Bockman were not made under oath and for that reason alone the testimony would not constitute the crime of perjury under section 837.02(1).
Although petitioners address the relevance of Bockman's testimony to counts 3, 4, and 5 in a conclusory fashion, we agree with their position that Bockman's testimony could have no relation to the elements of these crimes and we so hold.
With regard to the second test, the burden is on the state to seek out and exhaust alternative sources prior to compelling the testimony of a reporter protected by the first amendment. Judge Green's assumption that this prong of the test could be satisfied only by showing the presence of another witness to the conversations between Bockman and Judge Leon is erroneous. Our research clearly indicates that any person who can provide the same information as Bockman is an alternative source.
The record before us demonstrates the state has failed to take any steps to obtain testimony from any other available source. For instance, the state has not subpoenaed Mr. Thomas C. McDonald, a well-known and highly respected member of the Florida Bar, who was appointed to investigate this matter on behalf of the bar association by the JQC, nor Mr. Richard H. Lee, Jr., the notary public who transcribed the proceedings before the JQC, although the record before us indicates only that Mr. Lee witnessed Judge Leon's recantation of his previous statements. Further, the state has not attempted to obtain the testimony of Judge Merckle or Mr. Avery, who have been granted immunity in the matter before us by the state in return for their testimony. In view of their involvement in the charged misconduct, we feel that not only are they alternative sources but far better sources. It is inconceivable that Bockman could add anything more to the testimony of these "first hand players."
*487 Accordingly, we hold respondents have failed to carry their very high burden under the first two prongs of the Gadsden test. In light of our holding, we need not reach the compelling need aspect of the test and refuse to do so.
The petition for the issuance of the writ of certiorari is granted, the subpoenas quashed, and the order compelling petitioner Richard Bockman to testify is hereby vacated and set aside.
RYDER and DANAHY, JJ., concur.
NOTES
[1] In addition to the arguments of the parties, we have had the benefit of a well-written amicus curiae brief from Times Publishing Company.