FRANK D. UPCHURCH, Jr., Judge.
Appellants, The Tribune Company, publisher of the Tampa Tribune, and James Tunstall, one of its reporters, appeal from an order of civil contempt issued after Tun-stall refused to reveal the source for an article he wrote.
In July, 1983, Tunstall and another reporter authored an article entitled “Complaints Filed Against Two Commissioners.” The article quoted a confidential source as stating that “an influential resident of West Hernando County” had sent a complaint to the state’s Ethics Commission charging two Hernando County commissioners with misuse of their offices. The Ethics Commission did receive such a com *1171 plaint, but ultimately voted to dismiss it for failure to assert a legally sufficient charge.
Thereafter, the two county commissioners filed a complaint with the state attorney’s office regarding a violation of section 112.317(6), Florida Statutes, which criminally proscribes disclosure of the intent to file an ethics complaint or of the existence of a complaint that has been filed with the Ethics Commission. Tunstall was subpoenaed for questioning concerning the source of his article and his motion to quash on First Amendment grounds was denied. Tunstall nevertheless refused to reveal his source and was held in civil contempt. Tunstall argues on appeal that the state, in seeking to require him to reveal his source, failed to show that its interest sufficiently outweighed his First Amendment privilege.
The case of Branzburg v. Hayes, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972) is almost squarely on point, the principal difference being that Branzburg involved an inquiry by the grand jury as opposed to a state attorney’s investigation, which is involved here. Branzburg addressed the issue of whether a reporter has a First Amendment privilege to withhold from a grand jury the identity of a “confidential source” who committed a crime in the presence of the reporter and who was known only to the reporter. The Court upheld contempt citations issued against the reporters, rejecting the notion of a First Amendment privilege to refuse to testify, though the Court limited its ruling to a good faith investigation by a grand jury. The Court stated:
[Njeither the First Amendment nor any other constitutional provision protects the average citizen from disclosing to a grand jury information that he receives in confidence.

[T]he First Amendment does not guarantee the press a constitutional right of special access to information not available to the public generally.
92 S.Ct. at 2657-2658.
The Court further declared:
The preference for anonymity of those confidential informants involved in actual criminal conduct is presumably a product of their desire to escape criminal prosecution, and this preference, while understandable, is hardly deserving of constitutional protection. It would be frivolous to assert — and no one does in these cases — that the First Amendment, in the interest of securing news or otherwise, confers a license on either the reporter or his news sources to violate valid criminal laws.
* * * * * *
Thus, we cannot seriously entertain the notion that the First Amendment protects a newsman’s agreement to conceal the criminal conduct of his source, or evidence thereof, on the theory that it is better to write about crime than to do something about it. (emphasis added).
Id. at 2662.
As with Branzburg, the instant case involves an investigation into the commission of a crime. The crime, revelation of the ethics complaint, was witnessed by the reporter. A witness to a crime, simply because he happens also to be a news reporter and intends to write about what was told to him, has no greater right to refuse testimony than any other witness.
Appellants contend that section 112.317(6) is unconstitutional in that it does not simply purport to regulate time, place, or manner of expression but rather seeks to prohibit expression itself, when the expression deals with a particular subject, i.e., allegations of official misconduct. We conclude, however, that a reporter has no right to withhold testimony based on his perception or belief that the law which prohibits the conduct of which he is an active observer is unconstitutional. His rights are in no way impaired by the enforcement of the law and thus he lacks standing to challenge its constitutionality. See Craig v. Boren, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976). In addition, appellants cannot raise this constitutional question for the first time on appeal. See Sanford v. Rubin, 237 So.2d 134 (Fla.1970); *1172 Rubin v. Glick, 419 So.2d 817 (Fla. 3d DCA 1982).
AFFIRMED.
DAUKSCH and COWART, JJ., concur.