# DEICHES v. DEICHES

## Case No. 82-112

Ninth Judicial Circuit, Osceola County

May 28, 1985

### APPEARANCES OF COUNSEL

**Bruce Kamelhair** for plaintiff.

**Leon B. Cheek, III,** for defendant.

**Clay H. Coward** for John McPherson and H & C Communications, Inc.

**James Magee** as Guardian Ad Litem.

### OPINION OF THE COURT

RONALD A. LEGENDRE, Acting Circuit Judge.

This cause came on to be heard upon a Motion to Quash Subpoena filed by John McPherson and H & C Communications, Inc. d/b/a WESH-TV, Channel 2.

McPherson is a reporter for Channel 2. Neither Channel 2 nor any of its employees, including McPherson, are parties to this civil case.

McPherson was subpoenaed for deposition to testify regarding a news report that dealt with child abuse which he prepared in the course and scope of his employment as a reporter for Channel 2. A copy of this news report as it appeared on the Channel 2 News has previously been turned over to the Respondent by Channel 2 pursuant to subpoena.

Respondent seeks to depose McPherson regarding two areas of the news report about child abuse: 1) whether the copy of the tape obtained by the Respondent through discovery is in fact the subject tape which ran on Channel 2 News, and the time at which that report was broadcast (ostensibly as a means of laying a factual predicate to introduce the videotape into evidence at trial), and 2) the circumstances surrounding the interviews and the way in which the interviews were edited for final broadcast.

As to the first issue, Movants McPherson and Channel 2 have no objection to answering the narrowly limited questions as set forth specifically in the first issue above.

As to the second issue, Movants McPherson and Channel 2 contend that McPherson is privileged from testifying in any manner concerning the substantive aspects of the news report, including the way in which the news report was edited, until and unless the Respondent satisfies his burden of demonstrating that 1) McPherson possesses information relevant to the case before the Court, 2) the same information is not available from alternative sources, or if it is, that Respondent has unsuccessfully attempted to obtain the evidence sought from other sources, and has exhausted all efforts in that regard, and 3) Respondent has a compelling need for any information the reporter may have. *Gadsden County Times, Inc. v. Horne*, 426 So.2d 1234 (Fla. 1st DCA 1983), *Tribune Company v. Greene*, 440 So.2d 484 (Fla. 2d DCA 1983).

The Court has considered the cases and argument of counsel, and it is apparent to the Court that the Respondent has not made the required showing at this stage of the case. Accordingly, it is, therefore,

ORDERED AND ADJUDGED that the Motion of John McPherson and H & C Communications, Inc. d/b/a WESH-TV, Channel 2, to Quash Deposition Subpoena is denied in part and granted in part. The Respondent may depose McPherson and limit his examination solely to two issues: whether the tape turned over to the Respondent by Channel 2 pursuant to discovery is indeed a duplicate of the news story which appeared on Channel 2 News, and what was the date(s) upon which the news story was broadcast. Any further inquiry of the Movant

McPherson shall be prohibited, and should the Respondent desire to broaden the scope of his inquiry of Movant McPherson, Respondent must first return to this Court and make the requisite showing as stated in the cases cited above.