484 So.2d 590 (1985)
Michael J. SATZ, State Attorney for the Seventeenth Judicial Circuit, and Kent C. Neal, Assistant State Attorney, Appellants,
v.
NEWS AND SUN-SENTINEL COMPANY, Appellee.
No. 83-2544.
District Court of Appeal of Florida, Fourth District.
July 10, 1985.
On Motion for Rehearing March 26, 1986.
*591 Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn and Robert S. Jaegers, Asst. Attys. Gen., West Palm Beach, for appellants.
Timothy P. Beavers and Ricki Tannen of Ferrero, Middlebrooks & Strickland, Fort Lauderdale, for appellee.
On Motion for Rehearing En Banc March 26, 1986.
PER CURIAM.
At issue is whether one's status as a newsperson confers a privilege, either conditional or absolute, to withhold physical evidence of a crime. We answer in the negative and quash the trial court's order which found a conditional privilege.
The Sun-Sentinel newspaper published a series of articles, with accompanying photographs, revealing misuse of city equipment by employees of the City of Tamarac. The gist of the stories was that public employees had used city-owned equipment (a bulldozer and trucks) to clear private property. Subsequent to publication, the state attorney initiated a criminal investigation and caused a subpoena to be served upon two reporters and the newspaper's custodian of photographic records. The subpoena sought production of "[p]rints of all unpublished photographs of Tamarac City employees, equipment, or property, taken pursuant to investigation of alleged improper use, to include subject, date, time and location of such photographs." The subpoena further explained that "[n]o request is hereby made for journalists' notes, sources, or unpublished news articles."
The newspaper readily provided copies of the published photographs, but petitioned the circuit court for a writ of prohibition to quash the subpoena for the unpublished photographs. The newspaper conceded that the unpublished photographs do not implicate confidential sources, but argued that, as a matter of policy, such photos should be obtainable from the press as a last resort and only after the state has made a showing that it has exhausted all other avenues of investigation. The trial court agreed, finding that the newspaper enjoys a conditional privilege to withhold unpublished photographs depicting criminal activity. We respectfully disagree.
The principal flaw in the lower court's opinion lies in its failure to discern the legal distinction between information gained from confidential sources and physical evidence of a crime. This case concerns the latter. As we have indicated, the precise issue is whether one's status as a newsperson confers a privilege to withhold physical evidence of a crime. The United States Supreme Court provided the definitive answer in Zurcher v. Stanford Daily, 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978), where it upheld the government's right to execute a search warrant on a newspaper office in order to locate and seize photographs depicting criminal activity. The court flatly rejected the application of a different standard for journalists and held that, upon a demonstration of probable cause to a neutral and detached *592 magistrate, the government was entitled to obtain a warrant to search for and to seize evidence of a crime.
Inasmuch as the trial court in this case applied a different standard for the press and thereby impermissibly inhibited the state's right to obtain physical evidence of a crime, we quash the trial court's order.[1]
HERSEY, C.J., and ANSTEAD and HURLEY, JJ., concur.

ON MOTION FOR REHEARING EN BANC
PER CURIAM.
The motion for rehearing en banc is denied.
ANSTEAD and HURLEY, JJ., concur.
HERSEY, C.J., concurs specially.
HERSEY, Chief Judge, concurring specially:
But for procedural inadequacies (the Motion for Rehearing En Banc fails to comply with rule 9.331, Florida Rules of Appellate Procedure), I would vote to grant rehearing and/or to certify the proffered question to the Supreme Court of Florida. My difficulty is not with the result, but with the rationale. Under the circumstances, I concur in denying the motion.
NOTES
[1] Since the issue is not squarely before us, we choose not to tackle the more difficult question of whether a newsperson has a qualified common-law privilege to refuse to divulge confidential sources or information gained from confidential sources. See generally Morgan v. State, 337 So.2d 951 (Fla. 1976) (Sundberg, J., concurring); Zerilli v. Smith, 656 F.2d 705 (D.C. Cir.1981); Bruno & Stillman, Inc. v. Globe Newspaper Co., 633 F.2d 583 (1st Cir.1980); United States v. Cuthbertson, 630 F.2d 139 (3d Cir.1980), cert. denied, 449 U.S. 1126, 101 S.Ct. 945, 67 L.Ed.2d 113 (1981); Riley v. City of Chester, 612 F.2d 708 (3d Cir.1979); Mitchell v. Superior Court, 37 Cal.3d 268, 208 Cal. Rptr. 152, 690 P.2d 625 (1984); State v. Sandstrom, 224 Kan. 573, 581 P.2d 812 (1978), cert. denied, 440 U.S. 929, 99 S.Ct. 1265, 59 L.Ed.2d 485 (1979); State v. Siel, 122 N.H. 254, 444 A.2d 499 (1982); State v. Rinaldo, 102 Wash.2d 749, 689 P.2d 392 (1984); State ex rel. Green Bay Newspaper Co. v. Circuit Court, 113 Wis.2d 411, 335 N.W.2d 367 (1983); but see Caldero v. Tribune Publishing Co., 98 Idaho 288, 562 P.2d 791, cert. denied, 434 U.S. 930, 98 S.Ct. 418, 54 L.Ed.2d 291 (1977); Dow Jones & Co. v. Superior Court, 364 Mass. 317, 303 N.E.2d 847 (1973); In re Farber, 78 N.J. 259, 394 A.2d 330, cert. denied, 439 U.S. 997, 99 S.Ct. 598, 58 L.Ed.2d 670 (1978).