489 So.2d 722 (1986)
TRIBUNE COMPANY, et al., Petitioners,
v.
L.R. HUFFSTETLER, Jr., Etc., Respondents.
No. 66576.
Supreme Court of Florida.
June 5, 1986.
Julian Clarkson, Gregg D. Thomas, Steven L. Brannock and Mike Piscitelli of Holland and Knight, Tampa, for petitioners.
Jim Smith, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for respondents.
Richard J. Ovelmen, Gen. Counsel, The Miami Herald Publishing Co., Bruce W. Greer, Gerald B. Cope, Jr. and Bradford Swing of Arky, Freed, Stearns, Watson, Greer, Weaver and Harris, Parker D. Thomson and Sanford L. Bohrer of Thomson, Zeder, Bohrer, Werth, Adorno and Razook, Paul J. Levine of Morgan, Lewis and Bockius, Miami, and Laura Besvinick of Sharpstein and Sharpstein, Coconut Grove, for The Miami Herald Publishing Co. and The Florida Press Ass'n, amici curiae.
George K. Rahdert of Rahdert, Anderson and Richardson, St. Petersburg, for The Times Publishing Co. and Lucy Ware Morgan, amicus curiae.
Ray Ferrero, Jr. and Ricki Tannen of Ferrero, Middlebrooks, Strickland and Fischer, Fort Lauderdale, for News and Sun-Sentinel Co., amicus curiae.
McDONALD, Justice.
We have for review Tribune Co. v. Huffstetler, 463 So.2d 1169 (Fla. 5th DCA 1984), which expressly and directly conflicts with Morgan v. State, 337 So.2d 951 (Fla. 1976). This Court has jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution. The issue is whether a reporter, subpoenaed in a state attorney's investigation, has a qualified privilege against revealing the identity of a source whose information violated section 112.317(6), Florida Statutes (1981).[1] Weighing the limited and qualified privilege that a reporter has to protect his sources of information against the public interests in prosecution *723 for a violation of this particular statute, we hold that the reporter's privilege prevails.
This action arises out of a challenge to a contempt citation issued against Tampa Tribune reporter James Tunstall. Tunstall co-authored an article which appeared in the Hernando edition of the Tampa Tribune and announced that "an influential resident of West Hernando County" had filed a complaint with the ethics commission charging two Hernando County commissioners with misuse of their offices. 463 So.2d at 1170. The ethics commission received such a complaint following publication of the article, but the commission ultimately dismissed the complaint for failure to state a legally sufficient charge. After this dismissal, the county commissioners named in the article filed a complaint with the state attorney's office, alleging a violation of section 112.317(6). During the investigation, the assistant state attorney subpoenaed Tunstall for questioning concerning the source of his article. Tunstall moved to quash his subpoena to testify on first amendment grounds, but the circuit court denied the motion. Nevertheless, Tunstall refused to reveal his source and the circuit court found him guilty of civil contempt. The court sentenced Tunstall to an indefinite term of up to six months in the county jail with the provision that Tunstall could purge the contempt by agreeing to testify. The fifth district affirmed the contempt citation and denied Tunstall's subsequent motion for rehearing or certification.
We begin our analysis of Tunstall's privilege claim by noting that we have previously recognized a qualified reporter's privilege against the forced revelation of sources. In Morgan v. State this Court overturned a similar contempt citation issued against a reporter. The reporter, Morgan, had written an article containing a synopsis of a sealed presentment which a grand jury had returned following its investigation into official corruption in Dade City. Following the appearance of Morgan's article in print, the state attorney questioned Morgan concerning the source of her information. After refusing to answer, Morgan eventually received a ninety-day sentence for contempt, which the Second District Court of Appeal upheld. 337 So.2d at 952-53.
We began our discussion of reporter privilege in Morgan by looking to Branzburg v. Hayes, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972), for guidance. In Branzburg the United States Supreme Court dealt with several reporters brought before grand juries to testify concerning drug traffickers, assassination attempts on the President, and other acts of violence endangering persons and property. When these reporters attempted to claim a first amendment privilege against the forced identification of their sources, a four-vote plurality rejected the claim. In the plurality's view the gravity of the crimes in question made a claim of privilege frivolous. 408 U.S. at 691-92, 708-09, 92 S.Ct. at 2661-62, 2670. In a concurring opinion, however, Justice Powell made it clear that every such claim of privilege "should be judged on its facts by the striking of a proper balance between freedom of the press and the obligation of all citizens to give relevant testimony with respect to criminal conduct." 408 U.S. at 710, 92 S.Ct. at 2671. In Morgan this Court embraced Justice Powell's assertion that the application of the reporter's privilege in a given case involves striking a proper balance between constitutional and societal interests. 337 So.2d at 954. While the grand jury in Morgan was not investigating a criminal matter, we do not find this distinction critical in the instant case. See Tribune Co. v. Green, 440 So.2d 484 (Fla.2d DCA 1983).
As this Court stated in Morgan:
We cannot accept the view that a generalized interest in secrecy of governmental operations should take precedence over the interest in assuring public access to information that comes to the press from confidential informants. Various governmental operations may be hampered by publicity, but the desirability *724 of secrecy varies greatly, depending on the particular governmental function, and its sensitivity to publicity. A non-specific interest, even in keeping the inner workings of the Pentagon secret, has been held insufficient to override certain First Amendment values.
337 So.2d at 955 (citations omitted). Utilizing the balancing test adopted in Morgan, we find that the societal interests underpinning most criminal statutes are not present in the instant statute. Much like the situation in Morgan, the principal interest which section 112.317(6) furthers amounts to a private interest in reputation.[2] When balancing section 112.317(6) against Tunstall's first amendment rights, Morgan mandates that the first amendment prevail. Accordingly, Tunstall's contempt citation must fall.
Tunstall also challenges the constitutionality of section 112.317(6). We find, however, that Tunstall lacks standing to raise this issue. One may only challenge the constitutionality of a public law when that law directly affects him. Davis v. Scherer, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); Miller v. Publicker Industries, Inc., 457 So.2d 1374 (Fla. 1984); Sandstrom v. Leader, 370 So.2d 3 (Fla. 1979); Acme Moving & Storage Co. v. Mason, 167 So.2d 555 (Fla. 1964); Voce v. State, 457 So.2d 541 (Fla. 4th D.C.A. 1984), review denied, 464 So.2d 556 (Fla. 1985); Pasco County v. J. Dico, Inc., 343 So.2d 83 (Fla.2d DCA 1977). More specifically, the constitutionality of a criminal statute should be determined either in a proceeding wherein one is charged under the statute or in an action alleging an imminent threat of such prosecution. Greenway v. State, 413 So.2d 23 (Fla. 1982); State v. Millington, 377 So.2d 685 (Fla. 1979); Brazil v. Division of Administration, State Department of Transportation, 347 So.2d 755 (Fla. 1st D.C.A. 1977), disapproved on other grounds, 398 So.2d 1370 (Fla. 1981); Duran v. Wells, 307 So.2d 259 (Fla. 2d D.C.A. 1975).
Tunstall has not been charged under the statute, and the courts of this nation have long held that one individual may not claim standing to vindicate the constitutional rights of another. Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); Barrows v. Jackson, 346 U.S. 249, 73 S.Ct. 1031, 97 L.Ed. 1586 (1953); Deerfield Medical Center v. City of Deerfield Beach, 661 F.2d 328 (5th Cir.1981). The concern that courts not adjudicate constitutional rights unless asserted by the individuals who can personally claim those rights justifies this rule of judicial restraint. Singleton v. Wulff, 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); Deerfield Medical Center, 661 F.2d at 333. Tunstall's source would clearly be the proper party to challenge section 112.317(6) should that source ever be charged under the statute. Simply because the circuit court cited Tunstall with contempt for refusing to cooperate does not alter the fact that Tunstall does not fall within the purview of the statute. Martin v. State, 194 So.2d 8 (Fla. 3d DCA), cert. denied, 201 So.2d 551 (Fla. 1967). Although Tunstall did stand to suffer a deprivation of his liberty if he did not comply with the court order, this civil contempt proceeding was separate from the underlying investigation. Tunstall stood in no different position after the entry of the contempt order than he did as a witness. Id. at 11. Accordingly, any challenge to the constitutionality of section 112.317(6) must be left for another day. Likewise, because his contempt citation must be overturned on other grounds, we need not address Tunstall's due process arguments.
Accordingly, we quash the decision of the Fifth District Court of Appeal, order that Tunstall's contempt conviction be reversed, and remand this case for proceedings consistent with this opinion.
It is so ordered.
*725 ADKINS and EHRLICH, JJ., concur.
OVERTON, J., concurs with an opinion.
BOYD, C.J., dissents with an opinion, in which SHAW, J., concurs.
OVERTON, Justice, concurring.
I dissented in Morgan, but, under the circumstances of this cause, I concur that the reporter's privilege must prevail. This, in my view, is a proper application of Justice Powell's balancing test expressed in Branzburg.
BOYD, Chief Justice, dissenting.
The petitioners are correct in their assertion that many United States Courts of Appeals, and many appellate court decisions in Florida, recognize a news reporter's qualified privilege to refuse to divulge information, including the identity of confidential sources of information, when such information is sought by litigants, and that such qualified privilege can even extend to criminal proceedings and investigations. However, it is not necessary to decide the extent of the reporter's qualified privilege in this case because no authoritative and definitive decision, binding on this Court, recognizes a state or federal constitutional privilege to refuse to reveal information, demonstrably within the reporter's knowledge, concerning a criminal act committed directly or constructively in the reporter's presence.
The distinction I am making is simply the difference between a reporter's receiving information from a confidential source about the commission of a crime and the reporter himself witnessing the commission of a crime. In the former situation the qualified privilege to refuse to answer a grand jury's or a state attorney's questions may or may not prevail depending on the circumstances. In the latter situation there is no qualified privilege. The reporter has the same duty to cooperate with the legal and judicial authorities as is imposed on every other citizen.
Our decision in Morgan v. State, 337 So.2d 951 (Fla. 1976), does not compel the majority's decision here. The majority's decision represents a two-fold expansion of the Morgan principle. First, in Morgan the information was not sought in connection with an investigation of a criminal act. We recognized a limited privilege calling for the balancing of the interest of the grand jury in learning the source of leaked information about its secret deliberations against the interest of a reporter in keeping her source secret. Secondly, and more significantly, the present decision takes the unprecedented step of shielding the reporter from compelled questioning not about the identity of a source of information, but about the identity of a person known to the reporter to have committed a criminal act.
We should not allow the perceived triviality of the offense defined by section 112.317(6), Florida Statutes (1981), to be a factor in our decision. Wisely or not, the legislature has determined that violation of the confidentiality requirements it has imposed on Ethics Commission proceedings should be deterred by the threat of criminal punishment. The Court correctly declines to reach the question of the statute's possible unconstitutionality but reaches a similar result by weighing the interest sought to be protected by the statute against the reporter's interest in immunity from compelled testimony. The interest served by the statute is irrelevant because no privilege exists where the reporter has knowledge about an offense committed in his presence.
SHAW, J., concurs.
NOTES
[1] This statute prohibits the disclosure of either one's own intent to file an ethics complaint or the existence of a complaint already filed with the state ethics commission.
[2] The statute apparently strives to make pending ethics complaints secret in order to avoid potential malicious coercion of our public officials.