**STATE of Maine**

v.

**Robert HOHLER.**

Supreme Judicial Court of Maine.

Argued May 9, 1988.

Decided June 30, 1988.

James E. Tierney, Atty. Gen., James T. Kilbreth (orally) Chief Deputy Atty. Gen., Augusta, for the State.

Nelson J. Larkins, Michael G. Messerschmidt (orally), Preti, Flaherty, Beliveau & Pachios, Portland, William L. Chapman, Concord, N.H., for defendant.

Jonathan S. Piper, Preti, Flaherty, Beliveau & Pachios, for amicus curiae.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

A newspaper reporter for New Hampshire's Concord Monitor, Robert Hohler, was convicted of criminal contempt in Superior Court, Knox County, for refusing to testify in the murder trial of Richard Steeves after the court ordered him to answer questions concerning a published article that described Hohler's interview with Steeves. In ordering Hohler to testify, the court assumed that Maine would recognize a qualified privilege for a reporter not to testify concerning matters related to the news-gathering process; at the same time, the court determined that the State had made an adequate showing to overcome the qualified privilege. When Hohler refused to testify, the court ordered that he be tried for contempt before another justice.

On appeal Hohler urges us to 1) recognize a qualified privilege for a reporter to refuse to testify concerning matters related to the news gathering process; and 2) determine that the State failed to overcome this qualified privilege, and thus conclude that he properly refused to answer questions concerning the interview. We hold that in the factual circumstances of this case Hohler was not entitled to invoke a qualified privilege. Accordingly, we affirm the contempt conviction.

A number of courts in other jurisdictions hold that a qualified privilege allows a reporter to refuse to testify concerning confidential sources or confidential information. *See e.g., Larouche v. National Broadcasting Co., Inc.,* 780 F.2d 1134 (4th Cir.1986); *United States v. Burke,* 700 F.2d 70 (2d Cir.1983); *Tribune v. Huffstetler,* 489 So. 2d 722 (Fla.1986); *Sinnott v. Boston Retirement Board,* 402 Mass. 581, 524 N.E.2d 100 (1988); *State v. Siel,* 122 N.H. 254, 444 A.2d 499 (1982); *People v. Korkala,* 99 A.D.2d 161, 472 N.Y.S.2d 310 (1984); *Brown v. Commonwealth,* 214 Va. 755, 204 S.E.2d 429 (1974); *State v. Rinaldo,* 102 Wash.2d 749, 689 P.2d 392 (1984). In addition, some courts recognize that non-confidential, unpublished information is protected by a qualified privilege. *See e.g., O'Neil v. Oak Grove Construction,* No. 58, Slip op. (N.Y. March 29, 1988); *Tribune v. Green,* 440 So.2d 484 (Fla.Dist.Ct.App. 1983). In recognizing a qualified privilege, the opinions of these courts have emphasized that if such a privilege is not recognized, the reporter's duty to gather news and disseminate it to the public is hindered in at least two respects: 1) potential sources will refuse to give interviews for fear that their names will be revealed if the reporter is called to testify before a grand jury or in a criminal or civil proceeding; 2) in addition, those in the media will choose not to publish information that could potentially result in employees spending substantial amounts of time testifying in criminal or civil proceedings, as well as before commissions, legislative committees, or grand juries.

In this case, the published article contains the name of the source, the defendant, Richard Steeves. In addition, by Hohler's own admission, everything that Steeves revealed to him in the interview was included in the article that Hohler wrote and published in the Concord Monitor. Thus, the narrow question before us is whether there is a qualified privilege for a reporter to refuse to testify concerning non-confidential, published information obtained from an identified source and, if so, what is the source of that privilege.

Hohler fails to persuade us that the Constitution compels us to recognize a privilege for a reporter to refuse to testify concerning non-confidential, published information. In his brief, Hohler cites many cases for the proposition that unpublished material from a non-confidential source, or published material concerning a confidential source should be protected by a qualified privilege. A majority of the courts have concluded that this qualified privilege is derived from the Constitution. *See e.g., United States v. Burke,* 700 F.2d 70 (2d Cir.1983); *United States v. Cuthbertson,* 630 F.2d 139 (3d Cir.1980) (privilege grounded in federal common law, as well as first amendment); *State v. Siel,* 122 N.H. 254, 444 A.2d 499 (1982) (state constitution provides for conditional privilege); *but see State v. Rinaldo,* 102 Wash.2d 749, 689 P.2d 392 (1984) (qualified privilege derives from common law). In argument before us, Hohler was unable to identify the source from which he claims a privilege not to testify concerning *non-confidential, published* information. In his brief, Hohler cites only one trial court opinion that recognized a qualified privilege not to testify concerning non-confidential, published information. *Florida v. Taylor,* 9 Med.L. Rptr. 1551 (Fla.Cir.Ct.1982). In light of the Supreme Court's refusal in *Branzburg v. Hayes,* 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed. 2d 626 (1972) (plurality) to recognize the existence of even a qualified privilege in cases involving *confidential* sources or information, we are convinced that nothing in the Constitution compels us to recognize a qualified privilege in the circumstances of

this case.[1]

Moreover, Hohler fails to persuade us that any substantial burden would be imposed on the news gathering process if a reporter is called upon to testify concerning non-confidential, published information. Even if we were persuaded that requiring a reporter to testify under circumstances similar to those in this case would place some burden on the news gathering process, we are not persuaded that any such minimal burden would support the invocation of a qualified privilege when the testimony sought from the reporter is highly relevant to the proceedings in question (as, Hohler concedes, was the testimony sought in this case). Consequently, we conclude that the trial justice erred in concluding that, on the facts of this case, we would recognize a qualified privilege for Hohler.

In so holding, we find it necessary to emphasize the narrow scope of the question that we have answered today: we refuse to recognize a qualified privilege for a reporter not to testify concerning non-confidential, published information obtained from an identified source. We intimate no opinion as to whether there is a qualified privilege for a reporter to refuse to reveal confidential sources; confidential, unpublished information; or non-confidential, unpublished information. Moreover, we emphasize that the record before us is devoid of any suggestion of official harassment or intimidation of the news media or any suggestion of the misuse of media sources for investigative purposes.

The entry is:

Judgment affirmed.

All concurring.

---

**1.** In his brief, Hohler cites generally the first amendment and Me. Const., art. I, § 4. We have stated that section 4 "is no less restrictive" than the first amendment. *State v. John W.*, 418 A.2d 1097, 1101 (Me.1980). Were we inclined to afford greater protection to the press than that afforded by the Supreme Court, we would not do so on the facts of this case.