## BOULIS, et al. v HALPERN, et al.

### Case No. 88-17411 - 22

Seventeenth Judicial Circuit, Broward County

January 26, 1990

## OPINION OF THE COURT

ROBERT C. SCOTT, Circuit Judge.

### *ORDER ON MOTION TO QUASH SUBPOENA OF JOURNALIST AND FOR PROTECTIVE ORDER*

THIS CAUSE came on to be heard on Movants' ROBERT W. TOLF and NEWS AND SUN-SENTINEL COMPANY, Motion and Memorandum to Quash Subpoena of Journalist and for Protective Order and the Court heard argument of counsel, and is otherwise advised in the premises.

The movants, a news journalist and a newspaper publisher, have moved to quash a subpoena of the journalist to testify at a deposition in this civil action.

The journalist writes a column in which he reviews and rates restaurants at which he has anonymously dined.

The movants urge that they have a qualified or conditional privilege to avoid testifying with regard to published reviews of restaurants which restaurants are the subject matter of this litigation.

It is admitted that the sources of the journalist articles are nonconfidential.

The court finds no basis for a qualified privilege to apply to nonconfidential sources of information such as the matters gleaned by the journalist's appraisals of the subject restaurants.

See *Miami Herald Pub. Co. v Marejon,* 529 So.2d 1204 (Fla. 3d DCA 1988); *Carroll Contracting, Inc. v Edwards,* 528 So.2d 957 (Fla. 5th DCA 1988); *Satz v News and Sun-Sentinel,* 484 So.2d 590 (Fla. 4th DCA 1985).

The court notes that the newspaper articles, authored by the journalist are, themselves, admissible in evidence. See § 90-902(6), Florida Statutes.

Also, the movants urge that, if the subpoena is upheld, the journalist's cover would be blown—so to speak, thus he could no longer sample souffles anonymously.

There factors do not give merit to movants' motions.

Accordingly, it is ADJUDGED that Movants' motions are DENIED.

ORDERED at Fort Lauderdale, Florida on January 26, 1990.