# LaTORRE v TIMES PUBLISHING CO., et al.

## Case No. 89-8510-15

Sixth Judicial Circuit, Pinellas County

September 28, 1990

### APPEARANCES OF COUNSEL

**George K. Rahdert, Esquire,** Rahdert & Anderson, for defendant, Times Publishing Co.

**Richard Mensch, Esquire,** State Attorney

**C. Philip Campbell, Jr., Esquire,** for WTSP TV, Channel 10

**Gregg Thomas, Esquire,** for Tampa Tribune

### OPINION OF THE COURT

JAMES R. CASE, Circuit Judge.

*AMENDED ORDER ON ACTION TO ENJOIN THE PRESS*

This cause came before the Court on the Petitioner's Motion for

Temporary and Permanent Injunction against *inter alia,* the Times Publishing Company, publisher of the *St. Petersburg Times,* to temporarily and permanently enjoin it in the manner in which it handles its newsgathering information and materials, specifically requesting the Court to require the *St. Petersburg Times* to preserve all notes, photographs, recordings, electronic and video, and/or any tangible property or documents relating to the boating accident of May 27, 1989, in which the Petitioner was involved.

The Petitioner was the operator of a speedboat which on May 27, 1989 was involved in a boating collision which resulted in four deaths. This action was filed prior to any criminal charges filed against the Petitioner; the Petitioner in this action has subsequently been charged with four counts of manslaughter in conjunction with this accident.

The Respondent, Times Publishing Company, counterclaimed for costs and attorney's fees pursuant to § 57.105, but now withdraws said claims in light of the content of this Order, and thus renders moot the award of attorney's fees under § 57.105.

The Court has previously ruled that in following this action, the Petitioner is subject to all the Rules of Civil Procedure, including discovery, and specifically including the Defendant's right to take the deposition of the Petitioner concerning those matters placed at issue in this case.

The Court finds that although this action reflects understandable concerns of the Petitioner, it is one that is not recognized at law and as such states no legal remedy.

With respect to the specific issues addressed against this newspaper respondent, the Court finds that there are specific and independent reasons for its determination that this purported cause of action is one without legal precedent or remedy.

Any legal action which purports either directly or indirectly to censor the press, or to restrict the press in its future newsgathering activities, raises serious and fundamental constitutional problems under the First Amendment to the United States Constitution. *See Nebraska Press Ass'n v Stuart,* 427 U.S. 549 (1970). Moreover, the newsgathering process itself is constitutionally privileged and subject to a qualified constitutional and common law privilege. *State v Morgan,* 489 So.2d 722 (Fla. 1986), *Tribune Co. v Huffstedler,* 463 So.2d 1169 (5th DCA 1984), *Johnson v Bentley,* 457 So.2d 507 (Fla. 2d DCA 1984), *Times v Burke,* 375 So.2d 197 (Fla. 2d DCA 1979), and *State v LaTorre,* 15 FLW 12, — So.2d — (6th Cir. Ct. Pinellas County, March 30, 1990). The litigants under this line of cases may only inquire into the

**209**

newsgathering process if they meet the stringent three-part test showing the reporter possesses information relevant to the charges set forth in the indictment, that the same information is not available from other sources, and that they have a compelling need for any information the reporters may have. *Tribune Co. v Green,* 440 So.2d 484 (Fla. 2d DCA 1983) or *Johnson v Bentley,* 457 So.2d 507 (Fla. 2d DCA 1984). Logically, here before any criminal action has been filed, before any discovery takes place and before the scope and extent of the charges are known, in short, before there is a clearly defined need for whatever evidence or testimony a news organization might offer, it would appear to be impossible to meet this three-part test. There is no case against which to measure whether there are sources alternative to the press, whether the information which might be obtained from the press is of a relative or compelling nature, etc.

Upon the foregoing analysis, the Court finds that this action is not justiciable and is thereupon dismissed with prejudice and the Plaintiff shall go hence without day. However, because Plaintiff's approach was heretofore novel and untested, the parties now stipulate and the Court agrees Plaintiff should not on this occasion be subject to 57.105 damages for charting waters heretofore not guided by judicial consideration.

Upon stipulation of counsel, each party shall bear its own fees and costs.

DONE AND ORDERED in Chambers in Clearwater, Pinellas County, Florida, this 28th day of September, 1990.