523 So.2d 1161 (1988)
WATERMAN BROADCASTING OF FLORIDA, INC., d/b/a WBBH-TV/20 and Lisa Zigman, Petitioners,
v.
Honorable Thomas S. REESE, Judge of the Circuit Court in and for Lee County, Florida, State of Florida, and Robert Peter Rosier, Respondents.
No. 87-3073.
District Court of Appeal of Florida, Second District.
January 27, 1988.
Steven Carta of Simpson, Henderson, Savage & Carta, Fort Myers, for petitioners.
Alan Rosenthal of Rosenthal & Yarchin, P.A., Miami, co-counsel for petitioner Lisa Zigman.
Robert A. Butterworth, Atty. Gen., and Louis F. Hubener, Asst. Atty. Gen., Tallahassee, for respondents Thomas S. Reese and the State of Fla.
SCHEB, Acting Chief Judge.
Petitioners, Waterman Broadcasting of Florida, Inc. and Lisa Zigman seek a writ of certiorari to review the circuit court's order which denied their motion to quash a state attorney's subpoena directed to Zigman. We deny their petition.
Lisa Zigman, a television reporter employed by Waterman, conducted an exclusive interview with Dr. Robert P. Rosier. The interview, or portions thereof, was broadcast by WBBH, Waterman's television station in Ft. Myers. During that interview, Rosier stated that he had given his terminally ill wife, Patricia Rosier, a lethal dose of certain drugs in order to hasten her death. Following the broadcast, the Lee County Grand Jury convened and on September 9, 1987, indicted Rosier for the first degree murder of his wife.
*1162 On October 23, 1987, the state attorney served a subpoena on WBBH demanding production of all broadcast video tapes concerning the death of Patricia Rosier, and served an investigative subpoena on Zigman. Production of the tapes is not an issue in this petition. Petitioners, however, filed a motion to quash the subpoena to Zigman based on a reporter's qualified privilege against compelled testimony. Following a hearing, the motion was denied, and petitioners seek relief in this court.
Historically courts have shown great solicitude for preservation of the rights of the press under the First Amendment to the United States Constitution. Branzburg v. Hayes, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972). Thus, at the outset we recognize that freedom of the press is basic in our free society and we understand the need to be judicially conscious of that right. It is this protection of a free press which underlies the privilege of the press and news gatherers against compelled testimony of news sources and information. However, the privilege is a qualified one, and a delicate balance must be struck between the reporter's qualified privilege and the responsibility of the state in the administration of justice. The qualified privilege must yield in those situations where the demands of justice compel a need for such disclosure.
In Gadsden County Times, Inc. v. Horne, 426 So.2d 1234 (Fla. 1st DCA 1983) rev. denied 441 So.2d 631 (Fla. 1983), the First District held that, before ordering the disclosure by the press of otherwise privileged information, the trial court must apply the following three-part test:
1. Is the information relevant,
2. Can the information be obtained by alternative means, and
3. Is there a compelling interest in the information. The test is applicable to both civil and criminal cases. See Tribune Co. v. Green, 440 So.2d 484 (Fla. 2nd DCA 1983) rev. denied 447 So.2d 886 (Fla. 1984).
The information sought here concerns a confession made by Rosier to Zigman. In the context of a criminal case, it is obvious that a confession is relevant. Each confession to a crime is unique. This is true simply because the revelations made to one person may well be different from a confession made to another. The transcript of the trial court proceedings reveals that the assistant state attorney explained to the court, "There is no other way to gain that information. There is no other way. It is exclusive, it is the only way. We have talked to everyone else, no one else had such a conversation." Considering the uniqueness of a confession, the fact that this confession was made in the sole presence of Zigman, and that the state has attempted to gain the information otherwise, we find that the "alternative means" prong of the test has also been met. Given the state's responsibility to investigate all sources in order to establish the defendant's guilt or innocence, it is clear that there is a "compelling interest" in the information.
In this instance, the need of a court of justice to discover the truth requires the testimony of Zigman. In the judgment of the trial court, this need overcame the press' qualified privilege against compelled testimony. We cannot say that in making this judgment the trial court departed from the essential requirements of law.
Accordingly, we deny the petition for writ of certiorari.
CAMPBELL and THREADGILL, JJ., concur.