**In re GRAND JURY WITNESS SUBPOENA OF ABRAHAM.**

[Cite as *In re Grand Jury Witness Subpoena of Abraham* (1993), 92 Ohio App.3d 186.]

Court of Appeals of Ohio,
Trumbull County.

No. 93–T–4983.

Decided Nov. 30, 1993.

*Gregory V. Mersol, Cynthia C. Shafer, John B. Lewis* and *Charles L. Richards,* for appellant.

*Jonathan Rosenbaum,* Special Prosecutor, for appellee.

*Per Curiam.*

This is an appeal from a judgment of the Trumbull County Court of Common Pleas. In this judgment, the court denied appellant Lisa Abraham's motion for a protective order, and found appellant to be in civil contempt of the court for her refusal to testify before the Trumbull County Grand Jury.

On October 18, 1993, appellee, Jonathan Rosenbaum, Special Prosecutor for the Trumbull County Prosecutor's Office, issued a subpoena for appellant to testify before the Trumbull County Grand Jury on October 29, 1993.

Appellant, a reporter for The Tribune Chronicle, apparently interviewed Trumbull County Engineer James P. Fiorenzo on or about June 25, 1993. Statements made in this interview by Fiorenzo were the subject of an article by appellant subsequently appearing in the newspaper. Appellee sought appellant's testimony regarding the statements made by Fiorenzo, pursuant to the grand jury's criminal investigation of Fiorenzo.

Appellant refused to respond to questions put forth by appellee, claiming that, as a newspaper reporter, she has a qualified privilege under the First Amendment to the United States Constitution to refuse to testify about the substance of her interview with Fiorenzo. Appellant, at this point, filed a motion for a protective order regarding her testimony in this case.

A hearing was held on this issue on October 29, 1993. Appellant urged the trial court to adopt a three-pronged test, whereby before she could be required to testify, the special prosecutor would need to show that appellant possessed information that was highly relevant to the proceeding, that the information was not available from another source, and that there was a compelling need for the information that appellant possessed.

In a judgment entry filed on November 2, 1993, the common pleas court found that appellee did not have to meet the three-pronged test espoused by appellant,

but nonetheless "in fairness and justice required the State to do so." Thereupon, the court found that appellee had met each of the three purported requirements necessary to compel appellant to testify. The court further found that the information sought by the state was not privileged or obtained from a source promised confidentiality. The court noted that the information sought by the state had already been published in the newspaper.

The court denied appellant's motion for a protective order, and found appellant to be in civil contempt of the court and remanded her to the custody of the Trumbull County Sheriff's Department. Appellant moved this court for an order to suspend and stay the order of the Trumbull County Court of Common Pleas pending her appeal. This court granted appellant's motion.

Appellant advances one assignment of error:

"The trial court erred in denying appellant Lisa Abraham's motion for protective order and in holding her in contempt for refusing to testify before a grand jury."

Essentially, appellant raises the same arguments before this court as were argued before the Trumbull County Court of Common Pleas at the October 29, 1993 hearing. Appellant contends that the free press guarantees of the First Amendment to the United States Constitution and the Ohio Constitution's Bill of Rights, Section 11, Article I, require that before a newspaper reporter can be compelled to testify before a grand jury regarding non-confidential, non-source material that has already been published, the state must meet a three-pronged test. Further, appellant argues that the state has failed to prove any of the three prongs, to wit: (1) that appellant possesses information highly relevant to the grand jury proceeding; (2) that the information sought is not available from any other source; and (3) that there is a compelling need for the information that appellant possesses.

The trial court correctly cited the case of State ex rel. Natl. Broadcasting Co. v. Lake Cty. Court of Common Pleas (1990), 52 Ohio St.3d 104, 556 N.E.2d 1120 ("NBC"), for the proposition that the state does not have to meet the three-pronged test under Ohio law or pursuant to the First Amendment to the United States Constitution. In NBC, the Ohio Supreme Court adopted the holding of the United States Sixth Circuit Court of Appeals in In re Grand Jury Proceedings (C.A. 6, 1987), 810 F.2d 580, wherein that court specifically refused to adopt the three-pronged test that appellant espouses. The Sixth Circuit concluded that the three-pronged test was first put forth by the dissenting justices in Branzburg v. Hayes (1972), 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626, but that it has never been adopted by a majority of the Supreme Court. The Sixth Circuit held that there is no First Amendment privilege to withhold information sought by a grand

jury, at least where, as in this case, the court is not presented with the issue of whether there has been a promise of confidentiality as to the identity of the source.

The Ohio Supreme Court determined that "a court may enforce a subpoena over a reporter's claim of privilege, so long as it is persuaded that the subpoena has been requested or issued for a legitimate purpose, rather than for harassment." *NBC*, 52 Ohio St.3d at 111, 556 N.E.2d at 1127. We conclude that the foregoing is the applicable determination to be made.

The transcript of the October 29, 1993 hearing clearly indicates that the trial court concluded that the subpoena at issue was not requested for purposes of harassment, but rather for a legitimate purpose. Moreover, the trial court's finding that appellant possesses information highly relevant to the grand jury proceeding and that there is a compelling need for the information possessed by appellant clearly satisfies the requirement that the subpoena be found to have been "issued for a legitimate purpose, rather than for harassment." Appellant herself acknowledged at the hearing that the requested information pertained to contradictions between statements allegedly made by Fiorenzo to appellant on June 25, 1993, and statements allegedly made by Fiorenzo subsequent to the June 25, 1993 interview. Appellant, therefore, does not argue that the subpoena was issued for the purpose of harassment, and we conclude that it was issued for a legitimate purpose.

As noted by the Sixth Circuit:

" '[W]e perceive no basis for holding that the public interest in law enforcement and in ensuring effective grand jury proceedings is insufficient to override the consequential, but uncertain, burden on news gathering that is said to result from insisting that reporters, like other citizens, respond to relevant questions put to them in the course of a valid grand jury investigation or criminal trial. * * * [T]he Constitution does not, as it never has, exempt the newsman from performing the citizen's normal duty of appearing and furnishing information relevant to the grand jury's task.' " *In re Grand Jury Proceedings*, 810 F.2d at 583, quoting *Branzburg v. Hayes*, 408 U.S. at 690–691, 92 S.Ct. at 2661–2662, 33 L.Ed.2d at 645.

In her brief, appellant noted that appellee failed to provide to the court of common pleas a written list of interrogatories to be put to appellant and the reasons for appellant's refusal to answer, as provided for by R.C. 2939.14. A review of the record reveals that this issue was discussed at the hearing, wherein appellee indicated that appellant, in a prepared statement, refused to respond to any questions pertaining to Fiorenzo. At that time, the special prosecutor indicated that he remained willing to provide the court with a written list of

interrogatories, but because appellant had refused to answer all questions, "I saw no reason to badger this woman this morning."

We conclude that any error by appellee in not presenting a written list of interrogatories before the trial court was harmless. There is no indication that appellant claimed a qualified privilege as to only some of the information sought by appellee. Further, the court found that none of the information sought was privileged or obtained from a source promised confidentiality.

In light of the foregoing, the judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., CHRISTLEY and NADER, JJ., concur.