647 So.2d 904 (1994)
TAMPA TELEVISION, INC., d/b/a WFLA-Channel 8, Petitioner,
v.
Denis J. NORMAN, Respondent.
No. 94-01308.
District Court of Appeal of Florida, Second District.
November 23, 1994.
*905 Gregg D. Thomas, Steven L. Brannock, and Lora J. Smeltzly, Holland & Knight, Tampa, for petitioner.
Martin L. Garcia, Hill, Ward & Henderson, P.A., Tampa, for respondent.
PER CURIAM.
In this petition for writ of certiorari, Tampa Television, Inc., d/b/a WFLA-Channel 8, ("WFLA"), challenges the circuit court's refusal to apply the qualified newsgathering privilege to discovery sought by Respondent, Denis J. Norman. WFLA seeks to avoid production of certain newsgathering information and material which it claims is not only privileged but also irrelevant to claims brought by Respondent against WFLA.
Subsequent to the filing of the petition, the parties stipulated that confidential source materials are protected by the privilege and will not be produced. However, the production of nonconfidential source materials remains at issue because WFLA claims that the privilege protects not only a reporter's confidential sources, but also the entire yield of the reporter's newsgathering efforts.
A similar claim was made in CBS, Inc. v. Jackson, 578 So.2d 698 (Fla. 1991). In that case, CBS moved to quash a subpoena seeking untelevised videotapes (outtakes) claiming that they were protected work product under the journalist's qualified privilege. The Florida Supreme Court found the privilege did not apply and noted that the request did not implicate any sources of information and posed no realistic threat of restraint or impingement on the newsgathering process.
In reaching its decision, the supreme court also disapproved two decisions[1] of this court which had previously extended the privilege to such information. Id., 578 So.2d at 700 n. 2. In one of those cases, Johnson, a newspaper photographer moved to quash a discovery order in a civil action requiring him to produce unpublished photographs of an automobile accident. We quashed the discovery order, concluding that our prior holding in Tribune v. Green, 440 So.2d 484 (Fla. 2d DCA 1983), review denied, 447 So.2d 886 (Fla. 1984), applied. In Green, we held that the privilege applies to the compelled disclosure of nonconfidential as well as confidential matters involved in newsgathering.
WFLA now relies on Green as support for its contention that the privilege extends to the nonconfidential materials at issue in this discovery dispute. We disagree. This case is controlled by CBS v. Jackson. Since the confidential source materials are no longer an issue in this case, we conclude that the trial court did not depart from the essential requirements of law by ordering production of the remaining material sought.
WFLA also challenges the ordered production on the grounds that the materials are not relevant to the underlying litigation. We find no error.
The petition for writ of certiorari is denied.
BLUE, A.C.J., and LAZZARA and FULMER, JJ., concur.
NOTES
[1] CBS, Inc. v. Cobb, 536 So.2d 1067 (Fla. 2d DCA 1988), and Johnson v. Bentley, 457 So.2d 507 (Fla. 2d DCA 1984).