669 So.2d 316 (1996)
GOLD COAST PUBLICATIONS, INC. and Jeffrey Harrell, Petitioners,
v.
STATE of Florida and George Blancett, Respondents.
No. 95-2249.
District Court of Appeal of Florida, Fourth District.
March 13, 1996.
John R. Hargrove of Heinrich, Gordon, Hargrove, Weihe & James, P.A., Fort Lauderdale, for Petitioners.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for Respondent State of Florida.
David S. Bralow, Robert Rivas and Gregg D. Thomas of Holland & Knight, West Palm Beach, for Amicus CuriaeThe Florida Press Association, The Florida Society of Newspaper Editors, and The Reporters Committee for Freedom of the Press.
Johnny L. McCray, Jr. of Law Offices of Johnny L. McCray, Jr., P.A., Pompano Beach, for RespondentGeorge Blancett.
*317 STEVENSON, Justice.
The petitioner seeks certiorari review of an order denying a motion to quash a pre-trial investigative subpoena requiring a journalist to appear in a criminal proceeding and disclose information provided by the defendant during an interview for a news article. Because we conclude that the qualified journalist privilege protects only a journalist's confidential sources, we deny the petition with prejudice.
The facts are not in dispute. George Blancett is a defendant in a criminal case charged with second degree murder. Blancett was interviewed by journalist Jeffrey Harrell for an article Harrell was writing about the murder. The article, which included several alleged direct quotes from the defendant, was published in XS Magazine in January, 1995. Gold Coast Publications is the publisher of the magazine. After the article was published, the state issued a subpoena for the journalist to appear for a statement. Gold Coast Publications and the journalist moved to quash the subpoena asserting a qualified first amendment reporter's privilege. The trial court denied the motion to quash and Gold Coast and Harrell filed this petition for certiorari review. The Florida Press Association, the Florida Society of Newspaper Editors and the Reporters Committee for Freedom of the Press filed an amicus curiae brief aligning themselves with petitioners.
The well-recognized newsgathering privilege affords protection to information that reporters obtain in the course of newsgathering. Branzburg v. Hayes, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972); Morgan v. State, 337 So.2d 951 (Fla.1976). This protection has been historically applied to prevent compelled disclosure of the identity of confidential sources as well as the information acquired from confidential sources in the newsgathering process. Morgan; Tribune Co. v. Huffstetler, 489 So.2d 722 (Fla. 1986).
Some authorities have extended to reporters limited protection from disclosure of non-confidential news sources and materials acquired in the course of gathering the news. See e.g., United States ex rel. Vuitton Et Fils S.A. v. Karen Bags, Inc., 600 F.Supp. 667 (S.D.N.Y.1985); United States v. Blanton, 534 F.Supp. 295 (S.D.Fla.1982); O'Neill v. Oakgrove Constr., Inc., 71 N.Y.2d 521, 528 N.Y.S.2d 1, 523 N.E.2d 277 (1988). In such cases, the courts have adopted a balancing test to determine whether a litigant can overcome the qualified privilege. See Shoen v. Shoen, 5 F.3d 1289 (9th Cir.1993); United States v. Cuthbertson, 630 F.2d 139 (3d Cir. 1980), cert. denied, 449 U.S. 1126, 101 S.Ct. 945, 67 L.Ed.2d 113 (1981). See also von Bulow v. von Bulow, 811 F.2d 136, 145 (2d Cir.), cert. denied sub nom., Reynolds v. von Bulow, 481 U.S. 1015, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987); United States v. LaRouche Campaign, 841 F.2d 1176 (1st Cir. 1988).
Other jurisdictions have refused to extend the reporter's qualified privilege to non-confidential sources and material in circumstances very much like the instant case. See In re Grand Jury Proceedings, 810 F.2d 580 (6th Cir.1987) (reporter has no first amendment privilege to withhold information sought by grand jury where confidential source relationship is not implicated); In re Grand Jury Witness Subpoena of Abraham, 92 Ohio App.3d 186, 634 N.E.2d 667 (1993) (reporter did not have first amendment or state constitutional privilege to refuse to testify under subpoena before grand jury regarding non-confidential, non-source material that had already been published in interview with individual under criminal investigation); In re Letellier, 578 A.2d 722 (Me.1990) (reporter did not have constitutional privilege to refuse to comply with grand jury subpoena commanding him to turn over unbroadcast portions of videotaped, non-confidential interview).
The courts in Florida have generally followed the latter approach which extends protection only to confidential news sources and materials. See e.g., Tampa Television, Inc. v. Norman, 647 So.2d 904, 905 (Fla. 2d DCA 1994) (qualified privilege only extends to confidential sources and not "the entire yield of the reporter's newsgathering efforts."). In Miami Herald Publishing Co. v. Morejon, 561 So.2d 577 (Fla.1990), the Florida Supreme Court rejected a claim of a qualified *318 privilege when the journalist was an eyewitness to a police search and subsequent arrest of the defendant. The court held:
[T]here is no privilege, qualified, limited, or otherwise, which protects journalists from testifying as to their eyewitness observations of a relevant event in a subsequent court proceeding. The fact that the reporter in this case witnessed the event while on a newsgathering mission does not alter our decision.... Unlike the factual situations in Branzburg, Morgan, and Huffstetler, there is no confidential source involved in this case which may "dry up" if revealed. (emphasis added).
561 So.2d at 580-81. Similarly, in CBS, Inc. v. Jackson, 578 So.2d 698 (Fla.1991), the court found the privilege inapplicable to a subpoena seeking untelevised videotapes (outtakes) of a defendant's arrest. Because the subpoena request did not implicate any confidential sources of information, the court found that it "need not balance the respective interests involved." Id. at 700.
Waterman Broadcasting of Florida, Inc. v. Reese, 523 So.2d 1161 (Fla. 2d DCA 1988) is almost directly on point. There, a television reporter was served with an investigative subpoena after he had interviewed a man who was subsequently indicted for the murder of his wife. The second district found no error in the trial court's refusal to quash the subpoena. The court recognized the latitude provided for protection of a free press, but reiterated that the privilege afforded to the press is a qualified one which "must yield in those situations where the demands of justice compel a need for such disclosure." Id. at 1162. The court found that the qualified privilege attached but was overcome by a balancing test involving the relevancy of the information, the availability of alternative means to obtain the information, and a determination of the state's compelling interest in obtaining the information. Although the court conducted a balancing test in Waterman, that case was issued prior to the supreme court's decision in CBS, Inc. v. Jackson, which determined that a balancing test is unnecessary where the information sought is not confidential to begin with.
In the instant case, as in Waterman, the source of information provided to the journalist was known by all who read the article or viewed the broadcastin each case it was the defendant himself. Under these circumstances, no persuasive claim for the protection of confidential news sources can be made. If, in his or her newsgathering ventures, the reporter agrees to keep the identity of the source secret, and does just that, the individual and the information will be protected. This procedure will promote the underlying purpose of the qualified newsgathering privilege which is extended to the press to protect the confidential aspects of its newsgathering efforts.
Accordingly, we hold that the trial court's ruling does not depart from the essential requirements of law. Therefore, we deny the petition for certiorari with prejudice.
DELL and POLEN, JJ., concur.