*671
Corrected Opinion

OVERTON, Justice.
We have for review Kidwell v. State, 696 So.2d 399 (Fla. 4th DCA 1997), in which the Fourth District Court of Appeal held there was no qualified reporter’s privilege against the disclosure of noneonfidential information in a criminal proceeding. In so holding, the district court certified the following question as one of great public importance:
IN LIGHT OF THE DECISIONS IN CBS, INC. V. JACKSON, 578 So.2d 698 (Fla.1991), AND MIAMI HERALD [PUBLISHING] CO. V. MOREJON, 561 So.2d 577 (Fla.1990), DOES FLORIDA LAW PROVIDE A QUALIFIED REPORTER’S PRIVILEGE AGAINST THE DISCLOSURE OF NONCONFIDENTIAL INFORMATION RELEVANT TO A CRIMINAL PROCEEDING?
Id. at 406. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We quash the district court’s decision in this case holding that there is no privilege for noneonfidential information.
We answered this same question in the affirmative in State v. Davis, 720 So.2d 220, (Fla.1998). In Davis, the request for relevant and material information was made by a defendant from the reporter who interviewed the victim in that case. Although we concluded in Davis that a qualified reporter’s privilege existed against the disclosure of both noneonfidential and confidential information, we emphasized that, in applying the balancing test set forth in Davis, a court was to accord great weight to a defendant’s right to due process and compulsory process in evaluating whether the requested information should be disclosed.
In this case, it is the government seeking the information from reporter David Kidwell, who interviewed a defendant charged with first-degree murder and who published a newspaper article about that interview. The defendant had also given a confession to police. Under the three-prong balancing test set forth in Davis, a judge must determine whether the government has established that: (1) the reporter possesses relevant information; (2) the same information is not available from alternative sources; and (3) the government has a compelling need for any information the reporter may have. In this case, the information is clearly relevant. However, it appears that the defendant gave information in his confession to the police similar to the information given to the reporter. As we stated in Davis, the fact that an individual allegedly made similar statements to others does not eliminate the need for the party seeking the information to determine what was said to this witness. This requires an evaluation by the judge, who may need to evaluate the information in camera to make an appropriate determination as to whether the information given to the reporter is different from that given by the defendant to the police and as to whether the testimony is important for credibility purposes. In applying the balancing test, important issues must be evaluated. On one hand, if the public has information through the publication of statements made to the reporter by the defendant, why should the jury not have this same information if it is competent, material, and relevant. Mistakes are sometimes made in jury verdicts because the jury does not have all relevant information. On other hand, extreme care must be taken to ensure that the media is not used as an investigative arm of the government.
Moreover, if it is determined that the reporter has direct evidence of a crime, then the information should not be privileged. In Davis, we specifically stated that the privilege does not apply to eyewitness observations or physical evidence, including records, of a crime. Like an eyewitness observation, a direct confession to a reporter is direct evidence of a crime that would not fall -within the information protected under the qualified privilege.
This case is a duplicate of what occurred in Remeta v. State, 522 So.2d 825 (Fla.1988), where a criminal defendant confessed to a reporter and the reporter voluntarily testified against the defendant at trial — only here, the reporter refused to testify.
Accordingly, we quash the decision of the district court holding that there is no privi *672 lege for the disclosure of nonconfidential information and remand for further proceedings consistent with this opinion.
It is so ordered.
HARDING, C.J., and ANSTEAD, J., concur.
WELLS, J., concurs with an opinion.
SHAW and KOGAN, JJ., concur in result only.