OPINION
{¶ 1} This is an accelerated appeal by appellant, Sheila McLaughlin, from the decision of the Butler County Court of Common Pleas denying appellant's motion to quash a subpoena issued by plaintiff-appellee, the state of Ohio.
 {¶ 2} Appellant is a news reporter for the Cincinnati Enquirer, and wrote an article about an alleged drug dealer. The alleged drug dealer's name was published in the article, and he was quoted as admitting he was a drug dealer. The state subpoenaed appellant to testify before a grand jury.
 {¶ 3} In her sole assignment of error, appellant argues that the common pleas court erred as a matter of law in denying her motion to quash the state's subpoena. Appellant argues that the subpoena violates Section 11, Article I of the Ohio Constitution because it "restrains or abridges" the freedom of the press. Appellant also argues that the common pleas court erred in not adopting a balancing test based in common law.
 {¶ 4} After reviewing the record and considering the relevant legal authority, we overrule appellant's sole assignment of error. The state's subpoena does not violate appellant's rights under the Ohio Constitution because, pursuant to State ex rel.Natl. Broadcasting Co. v. Court of Common Pleas of Lake Cty.
(1990), 52 Ohio St.3d 104, 111, the record shows that the subpoena was issued for a "legitimate purpose" and not for harassment. Further, the common pleas court did not err in failing to adopt the balancing test advocated by appellant. The court in Natl. Broadcasting Co. rejected such a test. Id. at 110-111, citing Branzburg v. Hayes (1972), 408 U.S. 665,92 S.Ct. 2646 and In re Grand Jury Proceedings (C.A.6, 1987),810 F.2d 580.[1]
 {¶ 5} While Natl. Broadcasting Co. was decided on federal constitutional grounds, we find it equally applicable to appellant's argument rooted in the parallel freedom of the press clause in the Ohio Constitution. We find unconvincing appellant's argument that the Ohio Constitution provides more protection to appellant in this context because it includes the words "restrain or abridge" as opposed to simply the word "abridge." In support of that proposition, appellant cites Vail v. The Plain DealerPublishing Co., 72 Ohio St.3d 279, 1995-Ohio-187. However, the broader protection discussed in Vail is limited specifically to the broader protection given "opinion" in defamation and libel cases. See id. at 281, and 284 (Wright, J., concurring). See, also, Eastwood Mall, Inc. v. Slanco, 68 Ohio St.3d 221, 223,1994-Ohio-433 ("[T]he free speech guarantees accorded by the Ohio Constitution are no broader than the First Amendment, and * * * the First Amendment is the proper basis for interpretation of Section 11, Article I of the Ohio Constitution"), citing Stateex rel. Rear Door Bookstore v. Tenth Dist. Court of Appeals
(1992), 63 Ohio St.3d 354, 362-363.
 {¶ 6} We also do not find persuasive Judge Vukovich's concurring opinion in In re April 7, 1999 Grand JuryProceedings (2000), 140 Ohio App.3d 755. While the federal Constitution is the "floor" with respect to protecting individual liberties, and state constitutions can provide greater protection, we do not find it clear from the language of the Ohio Constitution or the cases interpreting that language, that the Ohio Constitution provides greater protection in this context. Contrary to Judge Vukovich's concurrence, the federal prohibition of laws "abridging" freedom of the press is equally protective, not less protective, than the state's prohibition of laws "restraining or abridging" freedom of the press. When couched in terms of a prohibition, every restraint is an abridgement. "Abridgement," in this context, is the broader term and covers any law curtailing or diminishing freedom of the press.
 {¶ 7} Further, we note that in two Ohio appellate court cases decided after Natl. Broadcasting Co., the courts rejected the balancing test proposed by appellant. See In re Grand JuryWitness Subpoena of Abraham (1993), 92 Ohio App.3d 186 (news reporter's argument based on federal and Ohio Constitutions); Inre August 28, 2002 Grand Jury Subpoena, 151 Ohio App.3d 825,2003-Ohio-1184, ¶ 14. The Ohio appellate court cases cited by appellant that adopted the balancing test were decided prior toNatl. Broadcasting Co. See, e.g., State v. Geis (1981),2 Ohio App.3d 258; In the Matter of McAuley (1979),63 Ohio App.2d 5.
 {¶ 8} Accordingly, we overrule appellant's sole assignment of error and affirm the judgment of the common pleas court. The common pleas court's decision is consistent with Ohio Supreme Court authority.
Young and Bressler, JJ., concur.
[1] R.C. 2739.12, which confers a testimonial privilege to protect confidential sources, is not implicated in this case.