PER CURIAM.
 

 Petitioners TheStreet.com and Melissa Ann Davis challenge two discovery orders which require them to produce information claimed to be protected under Florida’s qualified journalist privilege, and which denied their motion to compel the return of documents they claimed were inadvertently provided. We grant this petition and quash the orders for reasons which follow.
 

 Petitioners are a financial media company, internet website and publisher (TheS-treet.com) and an investigative reporter for the company’s publications (Davis). TheStreet.com published an article entitled: “ArthroCare Unit Keeps Troubling Company,” written by Davis. This article included statements that respondent Gary Donald Carroll (Carroll) was an insurance fraud felon, a “con artist” and “troubling character.”
 

 Carroll sued petitioners for defamation. Petitioners filed an answer and asserted eighteen affirmative defenses, including allegations that they had used “reasonable care in making and publishing the statements challenged.” Carroll served requests to produce on petitioners seeking materials prepared and gathered in connection with the research and preparation for this article, to which petitioners invoked the Florida journalist’s privilege among their objections. Petitioners did produce certain documents under what they believed was a tentative confidentiality agreement between the parties. However, petitioners contend that they also inadvertently produced two documents which failed to redact the identities of their confidential sources.
 

 Counsel for Carroll sent a letter to petitioners’ counsel advising that the production included pages naming certain sources, and he was not sure whether petitioners intended to redact those names. Petitioners’ counsel sent one letter to Carroll’s counsel which did not mention this production. Four days later, petitioners’ counsel sent an email asserting that the disclosure of those names had been inadvertent. Petitioners later moved for pro
 
 *949
 
 tective order and to compel respondent to return the documents with the names on them. Carroll filed a motion to compel production of the unredacted documents.
 

 The trial court heard the motions and ruled that the Florida journalist’s privilege had been waived by the actions and pleadings of the petitioners. The court compelled petitioners to produce unredacted documents totaling 60 of the 897 pages produced. It found that the Florida journalist’s privilege had been used as a sword and a shield by petitioners when they asserted that they had acted in good faith, made an honest mistake, used reasonable care or lacked malice while at the same time invoked the journalist privilege as to the identity of them sources. Also, the court suggested that petitioners had waived the privilege by failing to assert it at their earliest opportunity and failing to assert it in an unequivocal manner. The second order challenged granted another motion to compel discovery by Carroll based on the first order.
 

 Certiorari lies to review these orders compelling production of documents and information claimed to be protected under the qualified journalist’s privilege in Florida.
 
 See, e.g., News-Journal Corp. v. Carson,
 
 741 So.2d 572 (Fla. 5th DCA 1999);
 
 Gold Coast Publ’ns, Inc. v. State,
 
 669 So.2d 316 (Fla. 4th DCA 1996). Petitioners have the burden to prove that the trial court orders constitute a departure from the essential requirements of law resulting in material harm of an irreparable nature.
 

 First, we find that the material and irreparable harm element of certiorari has been demonstrated by virtue of the privilege being asserted, such that this would be “cat out of the bag” irreparable harm.
 
 See generally Allstate Ins. Co. v. Langston,
 
 655 So.2d 91, 94 (Fla.1995). We also find that the trial court’s order departed from the essential requirements of law when it ordered the discovery notwithstanding petitioners’ assertion of the Florida journalist’s privilege.
 

 In
 
 Gold Coast,
 
 we said:
 

 The well-recognized newsgathering privilege affords protection to information that reporters obtain in the course of newsgathering. This protection has been historically applied to prevent compelled disclosure of the identity of confidential sources as well as the information acquired from confidential sources in the newsgathering process.
 

 669 So.2d at 317 (citations omitted). The privilege is governed by section 90.5015, Florida Statutes, which expressly provides a professional journalist with a qualified privilege not to disclose “the information, including the identity of any source, that the professional journalist has obtained while actively gathering news.” § 90.5015(2), Fla. Stat.
 

 We disagree with the trial court’s conclusion that petitioners asserted this privilege as both a sword and shield in this case because they did not assert any claims or pleadings seeking affirmative relief.
 
 DeLisi v. Bankers Ins. Co.,
 
 436 So.2d 1099 (Fla. 4th DCA 1983). Instead, the discovery in dispute related to an affirmative defense. Further, even if the sword and shield doctrine were to apply in this case, the proper remedy would be to dismiss or strike petitioners’ defenses and not to compel production of the very information claimed to be privileged.
 
 See
 
 § 90.510, Fla. Stat.
 

 We reject the trial court’s suggestion that petitioners failed to invoke the Florida journalist’s privilege at the earliest time and in an unequivocal manner. The privilege was asserted unequivocally and the disclosure was purely inadvertent.
 
 See Liberty Mut. Ins. Co. v. Lease America,
 
 
 *950
 

 Inc.,
 
 735 So.2d 560 (Fla. 4th DCA 1999);
 
 Abamar Hous. & Dev., Inc. v. Lisa Daly Lady Decor, Inc.,
 
 698 So.2d 276 (Fla. 3d DCA 1997).
 

 Equally, we also reject Carroll’s argument that the privilege was overcome under section 90.5015(2). Carroll failed to make the clear and specific showing required to overcome the privilege under this section, and the trial court also failed to make the required clear and specific findings for such a result. §§ 90.5015(2) and (3), Fla. Stat.
 

 For these reasons, we grant the petition for writ of certiorari and quash the order denying petitioners’ motion and granting respondent’s motions. We remand the case with instructions to enter an order requiring the return of the documents identified in petitioners’ motion to compel return, striking the use of the documents for any purpose and barring respondent from any further use of, reference to, or reliance on, the privileged information.
 

 Certiorari granted and order quashed.
 

 GROSS, C.J., TAYLOR and MAY, JJ„ concur.