DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CABLE NEWS NETWORK, INC. ("CNN"); ELIZABETH COHEN, JOHN BONIFIELD, DANA FORD** and **ANDERSON COOPER,**
Petitioners,

v.

**MICHAEL D. BLACK, MD, MBA,** and **KELLY ROBINSON,**
Respondents.

No. 4D20-1360

[October 7, 2020]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; G. Joseph Curley, Jr., Judge; L.T. Case No. 502016CA001517XXXXMBAA.

Charles D. Tobin, Jacquelyn N. Schell and John W. Scott of Ballard Spahr LLP, Washington, DC, and L. Martin Reeder, Jr. of Atherton Galardi Mullen & Reeder PA, West Palm Beach, for petitioners.

Christopher W. Kammerer of Kammerer Mariani PLLC, West Palm Beach, and Thomas A. Clare, Elizabeth M. Locke, Joseph R. Oliveri and Andrew C. Phillips of Clare Locke LLP, Alexandria, VA, for respondent Michael D. Black, MD, MBA.

WARNER, J.

Petitioner CNN seeks certiorari review of a trial court order compelling production of emails and texts between CNN and its co-defendant in a defamation action filed by respondent, which CNN asserts should be protected by the journalist privilege pursuant to section 90.5015, Florida Statutes (2019). We conclude that the trial court did not depart from the essential requirements of law in its order and thus deny the petition.

Respondent Dr. Michael Black sued CNN and its individual journalist defendants, as well as others including Kelly Robinson, for alleged defamatory statements made when CNN began reporting in June 2015 on infant mortality and other topics related to pediatric cardiothoracic surgeries at St. Mary's Hospital and by respondent. The complaint alleges that Kelly Robinson is a key source of the information furnished to CNN

and was motivated to defame respondent because of her association with another children's hospital and surgeon. CNN filed an answer and affirmative defenses denying the falsity of the statements, as well as denying that they were published with malice or ill will or with knowledge of their falsity.

Through discovery, respondent learned that a substantial amount of communication occurred between CNN journalists and Robinson regarding its reporting. Respondent served a request for production on Robinson requesting, among other items, her communications with the CNN defendants. Robinson responded that she had "no documents responsive to this request." Thereafter, the trial court ordered Robinson to sit for a deposition to describe the steps she had taken to comply with respondent's document request. During that deposition, Robinson testified that she no longer possessed her text and email communications with CNN defendants, because she deleted them in an attempt to keep them confidential. In response to an interrogatory requesting her to state the substance of those communications, Robinson responded that she could not recall any specific details of the communications.

Thereafter, respondent sought production from the CNN defendants of Robinson's emails and communications with them. CNN objected, citing Florida's qualified journalist's privilege. It filed a log of over 400 pages to identify documents and communications claimed as privileged. The log lists information which admittedly comes from Robinson on such matters as "Dr. Black;" "the St. Mary's pediatric heart surgery program;" "the calculation of mortality rates for congenital heart surgery;" and similar subjects which related to their reporting.

The trial court referred the matter to the special magistrate who held a hearing on the motion to compel. The magistrate's report concluded that the privilege was overcome, and disclosure was warranted as to the communications with Robinson. The magistrate found that the communications were relevant, because respondent had to prove that CNN acted with malice. Further, respondent did not have an alternate means to secure the information.

The CNN defendants filed objections to the report. After a lengthy hearing, the trial court adopted the magistrate's findings and concluded that the findings were not clearly erroneous. Although it concluded that CNN's objections could be overruled on that basis alone, it also made independent findings with respect to the journalist's privilege before overruling CNN's objections.

2

In its ruling, the court applied section 90.5015, which provides a qualified privilege to a professional journalist "not to be a witness concerning, and not to disclose the information, including the identity of any source, that the professional journalist has obtained while actively gathering news." As the trial court noted, a party may overcome the privilege by making a "clear and specific showing" that 1) the information is relevant and material to the unresolved issues in the proceeding for which the information is sought; 2) the information cannot be obtained from alternative sources; and (3) a compelling interest exists for requiring disclosure of the information.

In a thorough, fifteen-page analysis, the trial court addressed all of the criteria. It noted that CNN did not dispute that Robinson was a source for the news article, citing to specific evidence in the record. As to the relevance of the information, the trial court explained that the communications would be relevant to the issue of actual malice to show "the subjective knowledge of the CNN Defendants and Defendant Robinson at the time that they published their allegedly defamatory statements." Further, because Robinson was also a defendant, her communications would be relevant to her own subjective knowledge.

The trial court found a compelling interest for disclosure because of the unique circumstances of the case: 1) the need for the defamation plaintiff to prove malice; 2) the centrality of Robinson's role as a source of CNN's reporting; and 3) the fact that Robinson, a co-defendant, deleted her own copies of the communications and was not protected by journalist privilege.

Finally, the trial court determined that the information could not be obtained from another source, because Robinson had deleted the communications and had answered in an interrogatory that she could not recall the details of the communications. Rejecting CNN's contention that respondent should be required to take Robinson's deposition again, the court concluded that it would be a waste of time and effort after her answers in depositions and interrogatories.

The trial court ordered the CNN defendants to disclose the communications to respondent. CNN then filed its petition for writ of certiorari.

The standard for reviewing a petition for writ of certiorari is familiar. Before a court may grant certiorari relief, the petitioner must establish the following three elements: "'(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3)

that cannot be corrected on postjudgment appeal.'" *Williams v. Oken*, 62 So. 3d 1129, 1132 (Fla. 2011) (quoting *Reeves v. Fleetwood Homes of Fla., Inc.*, 889 So. 2d 812, 822 (Fla. 2004)). Establishment of irreparable injury not remediable on appeal is jurisdictional. *Id.* Because the denial of the journalist privilege would require "cat out of the bag" disclosures, the first two elements are satisfied. *TheStreet.com, Inc. v. Carroll*, 20 So. 3d 947 (Fla. 4th DCA 2009).

The appellate court then determines whether there has been a clear departure from the essential requirements of law:

> In granting writs of common-law certiorari, the district courts of appeal should not be as concerned with the mere existence of legal error as much as with the seriousness of the error. Since it is impossible to list all possible legal errors serious enough to constitute a departure from the essential requirements of law, the district courts must be allowed a large degree of discretion so that they may judge each case individually. The district courts should exercise this discretion only when there has been a violation of clearly established principle of law resulting in a miscarriage of justice.

> It is this discretion which is the essential distinction between review by appeal and review by common-law certiorari.

*Williams*, 62 So. 3d at 1133 (quoting *Haines City Cmty. Dev. v. Heggs*, 658 So. 2d 523, 528 (Fla. 1995)).

The trial court did not depart from the essential requirements of law. In fact, it followed clearly established law in its analysis. It provided findings on all the elements of section 90.5015, and applied relevant law. Because this is a defamation action, upholding the privilege may make proof of fault impossible because "establishing what the publisher knew or did not know at the time of publication depends on the kind and quality of the information and identity of the sources at hand when the publication was made." *News-Journal Corp. v. Carson*, 741 So. 2d 572, 576 (Fla. 5th DCA 1999). Thus, "[w]hen weighed against the possibility that [the plaintiff] stands to lose his day in court and be denied access to the courts to redress his alleged libel if the privilege is upheld, . . . the privilege must give way." *Id. See also Price v. Time, Inc.*, 416 F.3d 1327, 1346 (11th Cir. 2005) ("'To the extent that the disclosure [of even a confidential source] might illuminate the defendant's state of mind, it goes to the heart of the plaintiff's case, and it is evidence that is not likely to be available

elsewhere.'" (*quoting* Marc A. Franklin et al., *Mass Media Law* 659 (6th ed. 2000)) [other citations omitted].

We reject CNN's argument that the communications are irrelevant given its claim that Robinson was not the source of any specific defamatory statement contained in CNN's reporting. Even if Robinson was not the source of the calculations of mortality rates, it is clear that there were communications between Robinson and CNN about those rates and the respondent. Also, Robinson remained a key source and connection in the case. Thus, those communications would show what CNN "knew or did not know at the time of publication," both on behalf of CNN and also Robinson, who is also a defendant in the case.

"[A] plaintiff is entitled to prove the defendant's state of mind through circumstantial evidence." *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 668 (1989). This includes an accumulation of contemporaneous documents and communications reflecting the defendant's knowledge or state of mind. *Herbert v. Lando*, 441 U.S. 153, 164 n.12 (1979); *see also Don King Prods., Inc. v. Walt Disney Co.*, 40 So. 3d 40, 44 (Fla. 4th DCA 2010); *Stern v. O'Quinn*, 253 F.R.D. 663, 671 (S.D. Fla. 2008). The documents Respondent seeks are precisely those contemporaneous documents and communications.

We also reject CNN's claim that the trial court did not make a clear and specific finding regarding the availability of alternative sources to Petitioner of this same information; the court directly and clearly addressed this issue. Robinson admitted in her deposition that she had deleted all the communications with CNN defendants. Respondent would have been entitled to obtain the communications from Robinson if she had kept them as she would not be protected by the journalist privilege. In her interrogatory answer she admitted that she could not remember their details. The trial court made those findings and did not abuse its discretion in determining that there were no available alternative sources. The trial court does not abuse its discretion in determining that it would be futile to require respondent to take Robinson's deposition again.

While the journalist privilege must be protected, it is a qualified privilege. Section 90.5015 provides the procedure to overcome that privilege when the facts and circumstances of a case require it. The trial court concluded that respondent overcame the privilege in this case. The trial court did not depart from any clearly established principle of law.

*Petition denied on the merits.*

LEVINE, C.J., and CONNER, J., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***