704 So.2d 1143 (1998)
MORRIS COMMUNICATIONS CORPORATION, d/b/a The Florida Times-Union, and Mike Bianchi, Petitioners,
v.
Susanne Y. FRANGIE and Frank Frangie, her husband, Lincoln Investment Management, Inc. f/k/a Lincoln National Investment Management Corp., Baita International, Inc., and Wells Fargo Guard Service, Inc., Respondents.
No. 97-2864.
District Court of Appeal of Florida, First District.
January 30, 1998.
George D. Gabel, Jr. and Brooks C. Rathet, Jacksonville, for petitioners.
J. Richard Moore and J. Richard Moore, Jr., Jacksonville, for respondents Susanne Y. Frangie and Frank Frangie, her husband.
Ronald E. Reed and Laurence C. Huttman of Bullock, Childs, Pendley, Reed, Herzfeld & Rubin, Jacksonville, for respondent Lincoln Investment Management f/k/a Lincoln National Investment Management Corp.
Harvey L. Jay, III, Jacksonville, for respondent Baita International, Inc.
John A. DeVault, III, and Thomas M. Beverly, Jacksonville, for respondent Wells Fargo Guard Service, Inc.
WOLF, Judge.
We have before us a petition for certiorari, challenging an order of the trial court denying petitioners' motion to quash a subpoena duces tecum served on a Florida Times-Union reporter, Mike Bianchi. Petitioners assert that under the First Amendment, Bianchi was entitled to a qualified privilege from testifying and that the trial court erred in not applying the three-step balancing test adopted by this court in Gadsden County Times, Inc. v. Horne, 426 So.2d 1234 (Fla. 1st DCA), rev. denied, 441 So.2d 631 (Fla. 1983). Respondent asserts that the trial court properly denied the motion to quash the subpoena because the information sought came from a nonconfidential source, for which no qualified privilege exists. We find, in accordance with the rationale expressed in Davis v. State, 692 So.2d 924 (Fla. 2d DCA), rev. granted, 700 So.2d 687 (Fla.1997), and in the majority opinion in Kidwell v. State, 696 So.2d 399 (Fla. 4th DCA 1997), that Florida law does not presently recognize a privilege for nonconfidential sources of a reporter. Therefore, we deny the petition, but certify the following question to be one of great public importance:
DOES FLORIDA LAW PROVIDE A QUALIFIED REPORTER'S PRIVILEGE AGAINST THE DISCLOSURE OF NONCONFIDENTIAL INFORMATION RELEVANT TO A CIVIL PROCEEDING?
The facts in our case are identical to the facts in Kidwell and Davis, with the exception that the interview in question was conducted *1144 by the reporter with the plaintiff in a civil case, rather than with a defendant in a criminal case. If there is no qualified privilege for a reporter's nonconfidential sources, which is the rationale for the decisions in Kidwell and Davis, as well as the supreme court's decision in Miami Herald Publ'g Co. v. Morejon, 561 So.2d 577 (Fla.1990), then the fact that this is a civil case would be of no importance.[1]See Tampa Television, Inc. v. Norman, 647 So.2d 904 (Fla. 2d DCA 1994).
In light of the thorough discussion in Kidwell by both Judge Farmer and Judge Klein, and because Davis has already been argued in the supreme court, lengthy discussion on the merits of the issue before this court would serve little useful purpose. We do, however, wish to note that we share some of the concern expressed by Judge Klein in his opinion in Kidwell concerning total elimination of the balancing test in all nonconfidential source cases and the potential impact this has on the news gathering and editorial functions of our newspapers.
The petition for writ of certiorari is denied.
BOOTH, J., concurs.
VAN NORTWICK, J., concurs in part and dissents in part with written opinion.
VAN NORTWICK, Judge, concurring in part and dissenting in part.
In Kidwell v. State, 696 So.2d 399 (Fla. 4th DCA 1997), the Fourth District was bound to follow its precedent in Gold Coast Publications, Inc. v. State, 669 So.2d 316 (Fla. 4th DCA), rev. denied, 682 So.2d 1099 (Fla.1996). We are not so constrained. Accordingly, for the reasons well expressed by Judge Klein in his concurring opinion in Kidwell, 696 So.2d at 406-409, in the instant case I would hold that the reporter is entitled to a qualified privilege from testifying subject to the balancing test adopted in Gadsden County Times, Inc. v. Horne, 426 So.2d 1234 (Fla. 1st DCA), rev. denied, 441 So.2d 631 (Fla. 1983). Thus, I respectfully dissent from the denial of the petition for writ of certiorari. I concur with the certified question.
NOTES
[1] If the balancing test should have been applied as argued by the petitioners, the type of case might be a pertinent factor in deciding whether to quash the subpoena.