720 So.2d 230 (1998)
MORRIS COMMUNICATIONS CORPORATION, etc., et al., Petitioners,
v.
Susanne Y. FRANGIE, et al., Respondents.
No. 92321.
Supreme Court of Florida.
October 22, 1998.
*231 George D. Gabel, Jr. and Brooks C. Rathet of Holland & Knight LLP, Jacksonville, for Petitioners.
J. Richard Moore, Jr. of Moore, Smith & Moore, Jacksonville, Ronald E. Reed and Laurence C. Huttman of Bullock, Childs, Pendley, Reed, Herzfeld & Rubin, Jacksonville, Thomas M. Beverly, Jacksonville, and Harvey L. Jay, III, Jacksonville, for Respondents.
Charles A. Carlson of Barnett, Bolt, Kirkwood & Long, Tampa, for Fernandina Beach News-Leader, Inc.; Florida Society of Newspaper Editors; Gainesville Sun Publishing Company; Knight-Ridder, Inc., Publisher of The Miami Herald; Lake City Reporter, Inc.; Lakeland Ledger Publishing Corporation; Ocala Star-Banner Corporation; Palatka Daily News, Inc., Publisher of the Daily News and the Marco Island Eagle; Sarasota Herald-Tribune Co.; Sebring News-Sun, Inc.; Tampa Television, Inc., d/b/a WFLA-TV Channel 8; and the Tribune Company, Publishers of The Tampa Tribune, Amici Curiae.
OVERTON, Justice.
We have for review Morris Communications Corp. v. Frangie, 704 So.2d 1143 (Fla. 1st DCA 1998), in which the district court affirmed the trial court's order denying Morris Communications Corporation's motion to quash a subpoena duces tecum served on its reporter in a civil proceeding. In affirming the trial court's order, the district court concluded, in accordance with the rationale of Davis v. State, 692 So.2d 924 (Fla. 2d DCA 1997), quashed, 720 So.2d 220 (Fla.1998), that Florida law did not recognize a privilege for nonconfidential sources of a reporter. However, because Davis involved the reporter's privilege in the context of a criminal proceeding and because the instant case involved the privilege in the context of a civil proceeding, the district court certified the following question as one of great public importance:
DOES FLORIDA LAW PROVIDE A QUALIFIED REPORTER'S PRIVILEGE AGAINST THE DISCLOSURE OF NONCONFIDENTIAL INFORMATION RELEVANT TO A CIVIL PROCEEDING?
Morris, 704 So.2d at 1143. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In State v. Davis, 720 So.2d 220, 226 (Fla. 1998), we quashed the district court's opinion in Davis, holding as follows:
Through this opinion, we clarify the limitations of the qualified reporter's privilege in Florida. First, we hold that a qualified reporter's privilege exists in Florida and that such a privilege extends to both confidential and nonconfidential information gathered in the course of a reporter's employment. Second, we hold, consistent with our opinions in [Miami Herald Publishing Co. v.] Morejon [561 So.2d 577 (Fla.1990)] and [CBS, Inc. v.] Jackson [578 So.2d 698 (Fla.1991)], that the privilege does not apply to eyewitness observations or physical evidence, including recordings, of a crime. Third, we hold that, once the privilege attaches, a court must apply the three-prong balancing test used by an overwhelming majority of other states to determine whether the privilege will act to prevent the disclosure of the reporter's information; that is, the court must determine whether the movant has established that: (1) the reporter possesses relevant information; (2) the same information is not available from alternative sources; and (3) the movant has a compelling need for any information the reporter may have.
Consistent with our opinion in Davis, we answer the certified question in the affirmative and we clarify that a qualified reporter's privilege applies in both civil and criminal *232 proceedings. Accordingly, we quash the district court's decision in the instant case and remand this cause for reconsideration of the motion to quash in light of our decision in Davis.
It is so ordered.
HARDING, C.J., and SHAW, KOGAN and ANSTEAD, JJ., concur.
WELLS, J., concurs in result only.