739 So.2d 142 (1999)
Todd ULRICH, Petitioner,
v.
COAST DENTAL SERVICES, INC., et al., Respondents.
No. 99-878.
District Court of Appeal of Florida, Fifth District.
July 16, 1999.
Jonathan D. Kaney, Jr., and Jonathan D. Kaney, III, Cobb Cole & Bell, Daytona Beach, for Petitioner.
William E. Curphey and Cynthia L. Bulan, of Shumaker, Loop & Kendrick, LLP, Tampa, for Respondents.
PETERSON, J.
Todd Ulrich, a television news reporter, seeks certiorari review of an order denying his motion to quash a witness subpoena that sought to compel him to disclose to Coast Dental Services, Inc., (Coast) the identity of persons who provided him with information for a newscast involving Coast. After the broadcast, Coast sued various former employees for breach of their confidentiality agreements and then subpoenaed Ulrich to obtain the identities of the employees that Ulrich spoke with in his investigation.
*143 Section 90.5015, Florida Statutes (effective May 12, 1998), provides in part:
(2) PRIVILEGE.A professional journalist has a qualified privilege not to be a witness concerning, and not to disclose the information, including the identity of any source, that the professional journalist has obtained while actively gathering news. This privilege applies only to information or eyewitness observations obtained within the normal scope of employment and does not apply to physical evidence, eyewitness observations, or visual or audio recording of crimes. A party seeking to overcome this privilege must make a clear and specific showing that:
(a) The information is relevant and material to unresolved issues that have been raised in the proceeding for which the information is sought;
(b) The information cannot be obtained from alternative sources; and
(c) A compelling interest exists for requiring disclosure of the information.
(3) DISCLOSURE.A court shall order disclosure pursuant to subsection (2) only of that portion of the information for which the showing under subsection (2) has been made and shall support such order with clear and specific findings made after a hearing.
(4) WAIVER.A professional journalist does not waive the privilege by publishing or broadcasting information.
This qualified statutory privilege extends to both confidential and non-confidential information. State v. Davis, 720 So.2d 220 (Fla.1998); see also Morris Communications Corp. v. Frangie, 720 So.2d 230 (Fla. 1998). In the instant case, the trial court held that the information sought by the subpoena was within the scope of the qualified journalist's privilege but that Ulrich waived the privilege by disclosing the information to other parties. Ulrich disputes that a waiver took place, asserting that, because the statutory privilege protects both confidential and non-confidential information, the privilege, unlike one based on confidential communications, such as husband-wife, physician-patient, or attorney-client, is not waived by a disclosure.
The purpose of discovery and the ordinary rules of evidence are to promote the ascertainment of truth. However, certain exclusions have arisen to protect an interest or relationship. The term "privilege" is used broadly to describe these rules of exclusion. Privileges contravene the fundamental principle that the public has a right to every man's evidence. See, Trammel v. U.S., 445 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980); Graham & Glazier, The Handbook of Florida Evidence, § 501.1, p. 308 (1996). Section 90.5015, Florida Statutes, recognizes a qualified journalist's privilege in Florida. The issue presented in this petition, whether the journalist's privilege is waived by the pre-publication disclosure of the information obtained, appears to be one of first impression in Florida.
The evolution of a qualified reporter's privilege on the federal level, beginning with Branzburg v. Hayes, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972), is found in Monk, Evidentiary Privilege For Journalists' Sources: Theory and Statutory Protection, 51 Mo. L.Rev. 1 (1986). Monk, in his article, analyzes state "shield statutes" which codify the journalist's privilege on a state by state basis. A distinction is drawn between the need for confidentiality in the initial relationship which forms the basis for traditional privilege law and the protection of confidential and non-confidential information obtained during news gathering. The protection of the relationship of a husband-wife, physician-patient, attorney-client or clergy-penitent, is justified on a privacy theory. On the other hand, the journalist's privilege is justified by its constitutional origin or its public purpose to allow journalists to collect the *144 news from sources who would not otherwise disclose information if they were identified. Id. at 9. In other words, while most privileges protect only those communications that are confidential,[1] a reporter's statutory privilege is generally not conditioned upon a prior agreement of confidentiality. It follows then, that disclosure of information to a third party should not constitute a waiver. See, e.g., Saxton v. Arkansas Gazette Co., 264 Ark. 133, 569 S.W.2d 115 (1978) (reporter's voluntary disclosure of identity of confidential source to her boss and a deputy prosecuting attorney did not constitute waiver).
Some states[2] have statutorily adopted the rule that disclosure to a third party is not a waiver. We agree with Monk's conclusion that this is the best approach because it is consistent with the theoretical foundation for the journalist's privilege, and we hold Ulrich's qualified journalist's privilege was not waived by his pre-publication disclosure. We grant the petition, issue the writ, and quash the order denying Ulrich's motion to quash his witness subpoena and remand.
PETITION GRANTED; ORDER QUASHED.
THOMPSON, J., concurs.
GRIFFIN, J., concurs specially in result, without opinion.
NOTES
[1] See, J. Wigmore, Evidence In Trial at Common Law § 2285, at 527.
[2] E.g., Montana (Mont.Code Ann. § 26-1903 (1985)); Oregon (Or.Rev.Stat. § 44.530(1) (1983)); and Delaware (Del.Code Ann. tit. 10, § 4325 (1974)).